No. 3191.—Mrs. C. CAULK *v.* Mrs. C. PICOU and HUSBAND.

The law provides that whenever, owing to the mismanagement of the husband, the dowry of the wife is in danger, or when the disorder of his affairs induces the wife to believe that his estate may not be sufficient to meet her rights and claims, she may petition the court for a separation of property. Civil Code, 2425. In such a case, the judge must hear evidence to show that the belief of the wife that her rights are in danger has a rational basis, before he grants the order, but no particular kind or quality of evidence is required. Evidence that the husband is possessed of a large estate, sufficient in amount to cover the wife's claims, if it be shown on the other hand that he has met with heavy losses, and is indorser, etc., for large amounts, will not justify the court in rescinding or annulling an order which has been granted separating them in property.

APPEAL from the Fifth District Court, parish of Iberville. *Posey, J. Barrow & Pope*, for plaintiff and appellant. *Andrew S. Herron*, for defendants and appellees.

HOWELL, J. On the third of August, 1865, Mrs. Carmelite Picou, the defendant, obtained a judgment against her husband, Isaac Irwin, for the separation of property, the possession of her paraphernal effects, and the sum of $48,327, with a privilege on the movables and mortgage on all the immovables of the husband to the extent of $10,000 as dotal funds, and a mortgage for the balance as paraphernal from the following dates: For $26,612 from first June, 1858; for $5000 from seventeenth October, 1857; for $400 from first May, 1832; for $500 from twenty-sixth March, 1836; for $615 from twentieth June, 1839; for $2300 from eighteenth May, 1853; for $700 from tenth January, 1854; for $1100 from twenty-second February, 1855; for $1100 from twenty-seventh July, 1856

Under this judgment the wife was put in possession of certain movable and immovable property, and the landed estate was sold at sheriff's sale, and bought by her, on seventh October, 1865, at the price of $13,500, a little above the appraisement.

On twelfth August, 1867, the plaintiff, Mrs. Caulk, obtained judgment against Isaac Irwin for $6676 36, with eight per cent. interest and mortgage from seventeenth February, 1859, subject to certain credits on March 1, 1860, and February 14, 1861.

The present suit was brought by said Mrs. Caulk in April, 1868, to annul the above judgment in favor of, and sheriff sale to Mrs. Picou, wife of Irwin, on the ground that they were fraudulent and collusive, the judgment having been rendered on the confessions and receipts of the husband, and not upon evidence binding on creditors, the husband not having been shown to be embarrassed at the time, and the separation being voluntary, and hence the wife acquired no title to the property at the sheriff's sale.

The district judge rendered judgment against the demand for nullity, but reduced the amount in favor of the wife to $31,016 57, with mortgage for different sums, respectively from twenty-second June, 1858, to fifteenth October, 1860, giving priority to $13,073 74 over the plaintiff's mortgage, and sustained the validity of the separation and sale. From this judgment plaintiff has appealed.

The first point pressed on our consideration relates to the validity of the decree of separation. There is abundant evidence that Irwin was indebted in some amount to his wife, and the question arises as to the legal cause for a separation of property—the danger to the wife's rights. The law does not fix the degree or quality of proof, but simply provides that the wife may petition for it whenever her dowry is in danger, owing to the mismanagement of her husband or otherwise, or when the disorder of his affairs induces her to believe that his estate may not be sufficient to meet her rights and claims. C. C. 2425. The judge must have evidence that this belief has a rational basis, before granting her prayer. In the case of the defendant, she was claiming $48,327 from her husband immediately after the war, when the pecuniary condition of most persons in the State was at least uncertain, and when, as was shown, her husband had lost many slaves; she besides showed that there were two mortgages on his real estate, amounting to ten thousand dollars, and he was indorser to the extent of $40,000. She also introduced her marriage contract for a dowry of $10,000, and the assessment of her husband's property in 1864 at $48,300.

The plaintiff in this suit contends that this last fact is sufficient to annul the decree of separation, because it shows that the husband could not have been so embarrassed as to endanger the wife's rights. We are not prepared to concur in this position. We think the circumstances show that the wife had a reasonable ground to believe that her rights were in danger, and the appraisement and public sale of the same property in about two months after, at the sum of $13,500, justified her belief and the conclusion of the judge as to the cause for a separation. It is true plaintiff alleges that this sale was far below the real value of the property at that time. The evidence, however, does not sustain this allegation, and there is no averment or proof that there

were any devices or efforts to prevent a fair sale. Several witnesses, introduced on the trial of this case, show that the appraisement and sale were not far from the true value at the time. We, therefore, are not disposed to interfere with said decree. It is not a consent judgment or voluntary separation as urged, for the husband denied the alleged embarrassment, and there was proof introduced.

As to the amount allowed the wife in the judgment appealed from, and that to which priority is given over the plaintiff, we think the judge is fully sustained by the evidence and the ruling in Eager v. Brown, 14 An. 684, 7.

Judgment affirmed.